IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CESAR ACOSTA | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-466 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cesar Acosta, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In 2017, pursuant to a plea of guilty entered in the Criminal District Court of Jefferson County, Texas, Petitioner was convicted of intoxication assault. He was sentenced to 10 years of imprisonment. The conviction was affirmed by the Texas Court of Appeals for the Ninth District. *Acosta v. State*, 9-17-00433-CR, 2018 WL 3370595 (Tex. App.-Beaumont, July 11, 2018). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Nor has he filed a state application for writ of habeas corpus.

Grounds for Review

Petitioner asserts the following grounds for review: (a) his guilty plea was not knowingly entered; (b) there was an insufficient factual basis for the guilty plea; (c) the trial court erred by: (1) not informing Petitioner of the elements of the offense with which he was charged; (2) failing to

determine whether there was a factual basis for the plea and (3) failing to determine Petitioner understood the nature of the charge against him; (d) he is actually and legally innocent; and (e) his counsel was ineffective for failing to inform him he was entitled to have the trial judge explain the nature of the charge against him.

<u>Analysis</u>

The Antiterrorism and Effective Death Penalty Act, which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for a habeas corpus petition seeking relief from a state court criminal conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction was affirmed by the intermediate appellate court on July 11, 2018. His conviction therefore became final 30 days later, on August 10, 2018, when the time for filing a petition for discretionary review expired.[1] The period of limitations began to run on the date and

---

[1] Texas Rule of Appellate Procedure 68.2(a) allows a defendant 30 days to file a petition for discretionary review.

expired one-year later, on August 12, 2019.[2]  As the current petition is dated October 12, 2022, it was filed after the applicable period of limitations expired.

    Petitioner's grounds for review are not based upon newly discovered facts that could not have been discovered earlier.  Further, Petitioner does not assert the state created an impediment to his bringing a federal petition for writ of habeas corpus at an earlier time or that his grounds for review are based upon a newly recognized right.  Nor does he contend he is entitled to equitable tolling.

    One of Petitioner's grounds for review is actual innocence.  In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims.  An actual innocence claim requires a petitioner to support his allegations of constitutional error with new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The mere allegation of actual innocence will not open such a "gateway;" instead, a petitioner seeking to avoid a limitations bar is required to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin*, 569 U.S. at 401.  An actual innocence exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable jury would have convicted [the petitioner]."  *Id*. at 395.

---

[2]  August 10, 2019, fell on a Saturday.  As a result, pursuant to Federal Rule of Civil Procedure 6(a), Petitioner's one year deadline to file his Petition was extended until Monday, August 12, 2019.  Further, 28 U.S.C. § 2244(d)(2) tolls the running of the period of limitations while an application for state collateral review of a conviction is pending.  However, as set forth above, Petitioner did not file a state application for writ of habeas corpus.

Here, Petitioner's assertion of actual innocence is not based on any new reliable evidence. Instead, Petitioner asserts there was not a sufficient factual basis for his guilty plea and that the trial court erred by accepting his guilty plea without properly informing him of the true nature of the offense. These assertions do not contend Petitioner is factually or actually innocent of the offense with which he was charged. As a result, Petitioner is not entitled to proceed through the "gateway" opened by *McQuiggin*.

## Conclusion

For the reasons set forth above, this Petition was filed after the applicable period of limitations expired. Petitioner does not assert he is entitled to equitable tolling and has not demonstrated he is actually innocent. As a result, this Petition should be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted

by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 18th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE